UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ELDRIDGE TRICE,

    Plaintiff,

v.

                                  Case No. 1:26-cv-423

U.S. SUPREME COURT JUSTICES, et al.,

                                  Hon. Hala Y. Jarbou

    Defendants.
_____/

## **OPINION**

Plaintiff John Eldridge Trice, a state prisoner proceeding pro se, filed a two-page complaint alleging he has been "held hostage, beat up, tortured, eyes swollen up, penis cut, teeth kno[ck]ed out, [and] temp[o]rar[il]y paraly[z]ed from the neck down." (Compl., ECF No. 1, PageID.1.) He contends that he is an "innocent U.S. citizen" who is suing "all of the U.S. officers in America" and "all of the U.S. news media systems." (*Id.*, PageID.1–2.)

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, the Federal Rules of Civil Procedure provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an

independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). The Court lacks subject matter jurisdiction "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Here, the Court lacks subject matter jurisdiction because the complaint is unsubstantial. Plaintiff provides no facts upon which to base any sort of claim, let alone a claim against federal officials and private parties. His assertions of injury and innocence are baseless and conclusory. Accordingly, the Court will dismiss the case for lack of jurisdiction.

A judgment will enter in accordance with this Opinion.

Dated: February 12, 2026          /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE